Final 12/13/07

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NURSES ASSOCIATION, et al. | ) Case No. 1:06cv1087 |
| | ) |
| | ) The Honorable Henry H. Kennedy |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL O. LEAVITT, et al. | ) |
| | ) |
| Defendants | ) |

## DECLARATION IN SUPPORT OF JURISDICTION

Tina Gerardi, MS, RN, CAE, under penalty of perjury, says the following:

1. I make this declaration of my own personal knowledge. I am competent to testify to the matters set forth herein.

2. In June 2007, I was appointed as the Chief Executive Officer of the New York State Nurses Association ("NYSNA"). Prior to that time, I was the Deputy Executive Director of NYSNA.

3. I have reviewed the complaint filed in this case and I am familiar with the allegations set forth in the complaint.

4. As an organization, NYSNA works for the improvement of health standards and the availability of healthcare services for all people to aid citizens to enjoy a better health care benefit.

5. One of NYSNA's core issues is to protect patients and nurses by ensuring an appropriate number and mix of nursing staff in health care facilities throughout the State of New York.

6. As an organization, NYSNA has an interest in monitoring staffing effectiveness for the protection of the public from unsafe and ineffective nursing practice.

7. It is the position of NYSNA that: patients are entitled to safe, quality health care at all times; the nursing profession has an obligation to evaluate and monitor staffing models to ensure the delivery of safe, quality patient care; and appropriate registered nurse to patient staffing ratios improve patient outcomes and is cost effective.

8. When registered nurse to patient staffing ratios are inadequate, patient care suffers.

9. NYSNA represents approximately 34,000 registered nurses who work in the State of New York and whose ability to render safe patient care is adversely affected by inadequate registered nurse staffing.

10. NYSNA has registered nurse members who work in facilities accredited by the Joint Commission for the Accreditation of Healthcare Organizations ("JCAHO").

11. As an organization, NYSNA has expended funds due to inadequate registered nurse staffing. For example, NYSNA has expended and continues to expend financial resources of the association to monitor registered nurse staffing levels in hospitals that have been accredited by JCAHO and to respond to the problems of its registered nurse members arising from insufficient registered nurse staffing.

12. Registered nurse members of NYSNA who are employed at JCAHO accredited hospitals have complained and continue to complain to NYSNA that they suffer from higher levels of fatigue and anxiety as a result of deficient levels of registered nurse staffing.

13. Registered nurse members of NYSNA who work in JCAHO accredited hospitals have reported and continue to report occasions when patients do not get the immediate bedside care of a registered nurse as needed, due to deficient registered nurse staffing.

14. NYSNA has expended in excess of $10,000 in funds to offset the financial strains suffered by registered nurses, including ANA members, who are on strike in West Virginia and Kentucky. The strike involves over 800 nurses who work in nine (9) Joint Commission-accredited facilities owned by Appalachian Regional Health Care. Nurses are striking to improve unsafe staffing practices for the improvement of patient care. The financial assistance provided by NYSNA will help the striking nurses to avoid foreclosures, bankruptcies and other financial hardships.

15. To address violations of our members' rights in connection with deficient levels of registered nurse staffing in the accredited hospitals, NYSNA has had to expend money on NYSNA staff time and on legal fees. For example, NYSNA has been involved in arbitrations in which the salient issue was inadequate nurse staffing. In those arbitration cases, NYSNA has incurred legal fees and expenses, staff fees and expenses and the expenses of arbitration, including arbitrators' fees.

16. The Board of Directors of NYSNA approved of the filing of this lawsuit expressly for the purpose of protecting its organizational interests outlined above. These organizational interests are germane to the purposes of NYSNA outlined above and to the purposes of the NYSNA set forth in paragraph 10 of Plaintiffs' Second Amended Complaint.

I declare, under penalty of perjury, that, to the best of my knowledge, information and belief, the foregoing statements are true and correct.

*Tina Gerardi, RN*
Tina Gerardi, MS, RN, CAE
Chief Executive Officer
New York State Nurses Association