IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NURSES ASSOCIATION, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL O. LEAVITT, et al.<br><br>Defendants | Case No. 1:06cv1087 (HHK)<br><br>The Honorable Henry H. Kennedy |

**MOTION FOR ORDER OF JURISDICTION OR, IN THE ALTERNATIVE, TO PERMIT JURISDICTIONAL DISCOVERY**

Now come Plaintiffs and hereby move this honorable court for an order declaring that the Court has subject matter jurisdiction to hear this case or, in the alternative, for an order permitting Plaintiffs to conduct jurisdictional discovery.

For cause, Plaintiffs rely upon the attached memorandum in support of this motion and Plaintiffs' opposition to defendants' motion to dismiss, which was filed on even date and which is incorporated herein by reference. Proposed orders also are attached.

The undersigned have consulted with Counsel for Defendants. Defendants deny that the Court has Subject Matter Jurisdiction. Further, Defendants believe that the motion to dismiss can and should be resolved without discovery. Defendants would consider responding to requests for information on a voluntary basis, but cannot take a position without knowing what discovery is sought by Plaintiffs.

Respectfully submitted,

 /s/ _____
Alice L. Bodley

1

General Counsel
D.C. Bar #939009

Jocelyn Winston
D.C. Bar #434639

Maureen E. Cones (Of Counsel)
American Nurses Association
8515 Georgia Avenue
Suite 400
Silver Spring, MD 20910
301-628-5127

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NURSES ASSOCIATION, <u>et al.</u> ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL O. LEAVITT, <u>et al.</u> ) <br> ) <br> Defendants ) | Case No. 1:06cv1087 (HHK) <br><br> The Honorable Henry H. Kennedy |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF JURISDICTION OR, IN THE ALTERNATIVE, TO PERMIT JURISDICTIONAL DISCOVERY**

### A.   Order Regarding Existence of Subject Matter Jurisdiction

Plaintiffs' second amended complaint alleges sufficient grounds for this court to determine that it has subject matter jurisdiction over Plaintiffs' claims. Plaintiffs have set forth additional factual support demonstrating the existence of subject matter jurisdiction in its response opposing defendants' motion to dismiss ("Plaintiffs' response"), which was filed with the court on even date. Plaintiffs' response is incorporated herein by reference in its entirety.

This court has broad discretion to determine whether subject matter jurisdiction exists and, unless Plaintiffs' claims are wholly insubstantial and frivolous and asserted solely for the purpose of obtaining jurisdiction, dismissal for lack of subject matter jurisdiction is improper. <u>Bell v. Hood</u>, 327 U.S. 678, 682-85, 656 S.Ct. 773 (1946). It is clear on the face of Plaintiffs' complaint that their claims are not wholly insubstantial and frivolous and have not been asserted solely for the purpose of obtaining jurisdiction. Plaintiffs' complaint makes a sufficient factual and legal showing to support the exercise

of subject matter jurisdiction. Plaintiffs' standing is further supported by the facts set forth in its response to defendants' motion to dismiss.

For the reasons set forth herein and in the second amended complaint, this court should issue an order declaring that it has subject matter jurisdiction to entertain Plaintiffs' claims and permitting the case to proceed on its merits.

B.   **Jurisdictional Discovery**

In the event that this court determines that it does not have enough information to issue an order declaring the existence of subject matter jurisdiction, defendants hereby request an order permitting them the right to conduct jurisdictional discovery.

The plaintiff must be allowed limited jurisdictional discovery before a district court can dismiss for lack of jurisdiction. See Singh v. S. Asian Soc'y. of the George Wash. Univ., 2007 U.S. Dist. LEXIS 36620 (D.D.C. 2007). "We have previously required that Plaintiffs be given an opportunity for discovery of facts necessary to establish jurisdiction prior to decision of a 12(b)(1) motion." Ignatiev v. U.S., 238 F.3d 464, 467 (D.C. Cir. 2001) (Internal citation omitted).

The district court has considerable discretion to order jurisdictional discovery on issues related to subject matter jurisdiction necessary to the resolution of a motion to dismiss. See, e.g., Laughlin v. U.S., 364 U.S. App. D.C. 132, 161. Although the court has wide latitude "in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction, it must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." Phoenix Consulting, Inc. v. Republic of Angola, 342 U.S. App. D.C. 145 (D.C. Cir. 1984), citing Prakash v. American University, 234 U.S. App. D.C. 75, 727 F.2d 1174, 1179-80 (D.C. Cir. 1984).

"There is no doubt that jurisdictional discovery is permissible in cases where defendant challenges the factual basis of the court's subject-matter jurisdiction."  <u>Wyatt v. Syrian Arab Republic</u>, 225 F.R.D. 1, 2 (D.D.C. 2004).  The case *sub judice* is not one in which defendants have alleged merely that Plaintiffs' complaint is legally insufficient on its face to demonstrate subject matter jurisdiction.  Rather, defendants have challenged the factual basis for Plaintiffs' standing and the court's subject matter jurisdiction.  In fact, defendants have gone so far in challenging the factual basis for subject matter jurisdiction in this case that they have submitted much extrinsic evidence and have made numerous factual arguments against standing and subject matter jurisdiction.  See Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.  Therefore, applying the well-settled law of the this court, this is a case in which Plaintiffs must be afforded the opportunity to conduct jurisdictional discovery, if the court cannot determine that jurisdiction exists based on the facts alleged in Plaintiffs' Second Amended Complaint and in their response to Defendants' 12(b)(1) motion to dismiss.

For these reasons, Plaintiffs' motion to permit jurisdictional discovery should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Order of Jurisdiction or, in the Alternative, to Permit Jurisdictional Discovery. A proposed order is attached.

Respectfully submitted,

/s/_____

Alice L. Bodley
General Counsel
D.C. Bar #939009

Jocelyn Winston
Senior Counsel
D.C. Bar #434639

Maureen E. Cones (Of Counsel)
Senior Counsel
8515 Georgia Avenue
Suite 400
Silver Spring, MD 20910
301-628-5127
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of Plaintiffs' Motion for Order of Jurisdiction or, in the Alternative, to Permit Jurisdictional Discovery, with proposed orders, to be filed electronically with the Clerk of the Court using the Electronic Case Filing system, which constitutes service on the following:

| | |
|---|---|
| DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| CAROL J. BENNETT<br>Associate General Counsel | JEFFREY A. TAYLOR<br>United States Attorney |
| MARK D. POLSTON<br>Deputy Associate General Counsel | SHEILA M. LEIBER<br>PETER ROBBINS<br>Department of Justice |
| LAWRENCE J. HARDER<br>Supervisory Trial Attorney<br>Department of Health and Human Services | 20 Massachusetts Avenue, NW<br>Room 7142<br>Washington, D.C. 20530 |

/s/
_____
Alice L. Bodley
General Counsel
D.C. Bar #939009

Jocelyn Winston
Senior Counsel
DC Bar No. 434639

Maureen E. Cones  (Of Counsel)
Senior Counsel
American Nurses Association
8515 Georgia Avenue
Suite 400
Silver Spring, MD 20910
301-628-5127
Attorneys for Plaintiffs