IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NURSES ASSOCIATION, <u>et al.</u> )<br>)<br>                Plaintiffs,   )<br>)<br>                                  )<br>         vs.                    )<br>)<br>MICHAEL O. LEAVITT, SECRETARY,  )<br>U.S. DEPARTMENT OF HEALTH        )<br>AND HUMAN SERVICES, <u>et al.</u>         )<br>)<br>                Defendants.   )<br>) | Civ Action No 1:06cv1087 (HHK) |

**<u>ORDER DECLARING EXISTENCE OF
SUBJECT MATTER JURISDICTION</u>**

This matter is before the Court on Plaintiffs' Motion for Order Declaring Existence of Subject Matter Jurisdiction. Upon consideration of Plaintiffs' Motion and Defendants' Response, and the record herein, the Court makes the following findings of fact and conclusions of law.

1. The legal standards for determining the existence of Plaintiffs' standing as organizations, in their own right: (1) the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is concrete and not conjectural or hypothetical; (2) the injury has to be "fairly … traceable to the challenged action of the defendant, and not … the result [of] the independent action of some third party not before the court," and 3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed

by a favorable decision." *National Taxpayers Union v. United States*, 68 F.3d 1428, 1433 (D.C. Cir. 1995).

a. Plaintiffs have discrete programmatic concerns that are directly and adversely affected by the challenged conduct. All three plaintiffs have a programmatic focus on sufficient RN staffing levels, for the good of their members and for the welfare of patients. NYSNA and WSNA have expended funds to address deficient staffing in Joint Commission accredited hospitals. NYSNA has made financial contributions to other ANA members in West Virginia and Kentucky who have gone on strike to improve unsafe staffing practices at Joint Commission accredited hospital.

b. The Plaintiffs' injuries are traceable to Defendants' actions. While hospitals hire employees, they are responsive to Joint Commission standards that should include the RN staffing standard of the Conditions of Participation. Accordingly, Plaintiffs' injuries are traceable to the Defendants' claimed inaction with respect to permitting Joint Commission accredited hospitals to participate in the Medicare program.

c. Plaintiffs' injuries will be redressed, as a connection is present between the HHS enforcement of its regulations and the proper participation of hospitals in the Medicare Program; proper participation is predicated on compliance with the Conditions of

       Participation, including the sufficiency of RN staffing to ensure the immediate availability of an RN to provide bedside care as needed.

2. The legal standards for determining the existence of associational standing are: (1) the association's members would otherwise have standing to sue in their own right; (2) the interest the association seeks to protect is germane to the association's purpose; and (3) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit. <u>Hunt v. Washington State Apple Adver. Comm'n.</u>, 432 U.S. 333, 344 (1977).

    a. The members of Plaintiffs American Nurses Association ("ANA"), New York State Nurses Association ("NYSNA") and Washington State Nurses Association ("WSNA"), collectively referred to herein as "Plaintiffs," would have standing to sue in their own right.

    (1) Plaintiffs' members have made a sufficient factual showing in their complaint and in their Opposition to Defendants' Motion to Dismiss to demonstrate that they have suffered particularized injuries in fact. Specifically, the organizations' members have experienced increased fatigue and anxiety related to insufficient levels of registered nurse (RN) staffing. Certain RNs have had to forego breaks in order to provide bedside care to patients as needed. RN members of ANA have risked financial hardships to strike over the issue of safe staffing.

    (2) Plaintiffs' members' injury is traceable to the Defendants' inaction because the staffing levels of the Joint Commission-accredited

3

        hospitals are responsive at least in part to the Conditions of Participation of the Medicare Program.

    (3) Plaintiffs' members' injury would be redressed by Defendants' enforcement of the higher RN staffing Condition of Participation. The hospitals that employ Plaintiffs' members would need to meet the health and safety Conditions of Participation if required to do so by the Defendants, or the hospitals would risk losing millions of dollars in Medicare program funds.

  b. Ensuring HHS enforcement of the RN staffing Condition of Participation in the Medicare Program is germane to the purposes of the Plaintiff associations, as they each actively promote adequate RN staffing to ease the burden of over-work on their members and to promote high quality patient care. In addition, ANA was established to address needs of ill, disabled or destitute RNs, and it has amongst its members RNs who are Medicare eligible.

  c. The claims made by Plaintiffs do not require the individual participation of members as parties. Plaintiffs can promote the interests of their membership in seeking declaratory and injunctive relief. There is no question of damages that need to be established by individuals as plaintiffs.

3. The Administrative Procedure Act, 5 U.S.C. §701 et seq., does not prevent Plaintiffs from pursuing their case.

(a) The actions of the Defendants are not committed to agency discretion, since the Medicare statute provides that the Joint Commission's accreditation provides the basis for a hospital to:

> be deemed to meet the requirements of the numbered paragraphs of section 1861(e) [42 U.S.C. §1395x(e)]; *except* –
> (3) paragraph (3) hereof, and
> (4) any standard, promulgated pursuant to paragraph (9) thereof, which is higher than the requirements prescribed for accreditation by such Commission.

42 U.S.C. §1395 bb(a) (2005) (emphasis added). This statutory provision provides a standard to apply to the Defendants' actions. Defendants may not accept accredited hospitals into the Medicare Program with respect to HHS standards that are higher than the Joint Commission standards and that were adopted pursuant to the Secretary's ability to adopt requirements that were in the "interest of the health and safety of individuals who are furnished services in the institution…." 42 USCS § 1395x(e)(9). The RN staffing Condition of Participation, 42 C.F.R.§482.23, was adopted pursuant to the Secretary's authority to adopt requirements in the interest of health and safety of the patients, because the Condition of Participation is not a mere restatement of the 24 hour nursing care requirement; it goes above and beyond the statutory requirement. Thus, it is enforceable separate from the "deemed" status accorded through accreditation.

(b) The Medicare Act does not preclude review. The issues raised by Plaintiffs cannot be addressed in the Medicare administrative review process because that process is designed only to review payment

5

determinations. 42 C.F.R. § 405.801 (2006). As a result, Plaintiffs can obtain review only in a federal question suit.

Accordingly, Plaintiffs' Motion for Order Declaring Existence of Subject Matter Jurisdiction is hereby **GRANTED**, and it is

**ORDERED AND DECLARED**, that this Court has subject matter jurisdiction over the claims raised in the instant case.

_____                              _____
Date                                                         UNITED STATES DISTRICT COURT