IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NURSES ASSOCIATION, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>       v. ) <br> ) <br> MICHAEL O. LEAVITT, et al., ) <br> ) <br>     Defendants ) <br> _____ ) | Civ. Action No. 1:06cv1087 (HHK) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ORDER OF
JURISDICTION, OR IN THE ALTERNATIVE,
FOR JURISDICTIONAL DISCOVERY**

Alice L. Bodley
General Counsel
D.C. Bar #939009

Jocelyn Winston
Senior Counsel
DC Bar No. 434639

American Nurses Association
8515 Georgia Avenue
Suite 400
Silver Spring, MD 20910
301-628-5127

Attorneys for Plaintiffs

Case 1:06-cv-01087-HHK   Document 32   Filed 02/14/2008   Page 1 of 10

# TABLE OF CONTENTS

INTRODUCTION ……………………………………………………… 1

ARGUMENT …………………………………………………………… 3

   I.  DEFENDANTS DO NOT RAISE A SUFFICIENT BASIS FOR
       DENIAL OF THE  MOTION……………  …………………… …3

CONCLUSION …………………………………………………………..7

Exhibit A:  Declaration of Maureen Cones in Support of Plaintiffs' Reply

Exhibit B:  Chart of Requested Discovery

# TABLE OF AUTHORITIES

**CASES**

*Brown v. Titsworth, 1996* Tex. App. LEXIS 1619 (Tx. 1996) …… ……… 4

*In re First Alliance Mortgage Co. v  First Alliance Mortgage Co,* 2001
 U.S. Dist. LEXIS 18519 (D.Cal. 2001)   . ………………………. ……. .. 4

*Novelty, Inc. v. Drug Enforcement Administration, et al.,* 2007 U.S. App.
   LEXIS 29441 (D.C. Cir. 2007) ……….………………………………. 4

**FEDERAL STATUTES AND REGULATION**

Medicare and Medicaid Programs; Hospital Conditions of Participation;
 Provider Agreements and Supplier Approval, 62 Fed. Reg. 66,727
 (Dec. 19, 1997) ………………………………………………………. 3

**OTHER AUTHORITIES**

56 Am.Jur.2d Motions, Rules, and Orders §6 ……………………….. 4

U.S. Dep't of Health and Human Serv., CMS Financial Report 126
 (2005) ……………………………………………………………...2

## INTRODUCTION

Now come Plaintiffs in reply to Defendants' brief in opposition to Plaintiffs' Motion for Order of Jurisdiction or, in the Alternative, for Jurisdictional Discovery (hereinafter referred to as Plaintiffs' Motion for Jurisdictional Discovery, or Pl.M. Jur. Disc.).

Plaintiffs contend that there is enough on the record to establish the court's jurisdiction. However, in the event the court deems it to be otherwise, Plaintiffs seek the ability to pursue jurisdiction in connection with the factual issues that Defendants have raised. In an effort to be clear about their argument and request, Plaintiffs filed the instant motion.

In their opposition to Plaintiffs' Motion for Jurisdictional Discovery, Defendants assert that Plaintiffs' motion characterizes all legal disagreements as factual ones. Defs. Opp. To Pl. Mot. for Jur. Disc. at n. 14, p. 32. This assertion reflects Defendants' misinterpretation of Plaintiffs' motion. In the motion for jurisdictional discovery, Plaintiffs identified the legal issues pertaining to subject matter jurisdiction upon which factual discovery may need to be had so that Plaintiffs may demonstrate the existence of subject matter jurisdiction to the Court's satisfaction. Plaintiffs are not requesting discovery on legal issues. Rather, Plaintiffs seek discovery of facts that tend to prove the existence of those elements of subject matter jurisdiction that Defendants' claim Plaintiffs are unable to establish.

For example, a lynchpin of Defendants' argument that the court lacks subject matter jurisdiction is their repeated contention that the only action that Defendants may take in response to Plaintiff's claim is to use the periodic state agency surveys for certification that the Conditions of Participation are met and that Plaintiffs must therefore prove that the periodic surveys are more effective than the sample or allegation surveys. First, there is nothing that states that the use of periodic state surveys is the only means of addressing inapplicability of the Joint Commissions "deeming" authority when it uses a standard lower than a CMS standard that was issued pursuant to 42 U.S.C. 1395(x)(e)(9). Indeed, as noted in Plaintiffs' opposition to the Defendants' motion to dismiss the second amended complaint, CMS has contemplated "regulatory changes to implement the statutory requirement to deny deemed status where CMS requirements are higher than the requirements prescribed for accreditation by the Joint Commission." U.S. Dep't of Health and Human Services, CMS Financial Report 126 (2005). Second, because Defendants have put the matter at issue, Plaintiffs are entitled to discovery on whether CMS has procedures for the denial of deemed status, whether such procedures are alternative to putting such hospitals immediately and exclusively on the periodic survey track, and whether there are differences in survey techniques and outcomes with respect to the sample based, allegation driven and periodic surveys sponsored by CMS through state agencies.[1]

---

[1] Plaintiffs' prayer for relief that refers to HHS assurance of the equivalency of the Joint Commission's standards does not imply that Plaintiffs believe that HHS can order the Joint Commission to change its accreditation standards. Rather, the relief sought revolves around taking action if the Joint Commission standards are not equivalent – thereby providing the requested assurance. The discovery requested here relates to the HHS enforcement mechanisms that are available to it with respect to (e)(9).

As another example of a legal point that has factual components, Defendants have alleged that the RN staffing standard upon which this case is focused is a requirement that was not issued pursuant to the Secretary's health and safety authority under 42 U.S.C. 1395x (e)(9), and therefore, that there is no basis upon which to reject the "deemed" status of hospitals accredited by the Joint Commission. See, Defs' Reply in Support of Mot to Dismiss. Defendants' own citation of regulations that rely on (e)(9) refutes this contention. Defs' Reply in Support of Mot. To Dismiss, n. 12 at 29 citing 62 Fed. Reg. 66726, 66727-31 (Dec. 19, 1997) (the 24/7 requirement for an RN's presence is distinguished as a statutory requirement "under section 1861(e)(5) of the Act" <u>in contrast to</u> the "availability of registered nurses for bedside care" requirement, among others). 62 Fed. Reg. 66726, 66750. In any event, given the importance of the issue to Defendants' jurisdictional argument, Plaintiffs should be able to engage in discovery regarding Defendants' records, views and actions regarding promulgation of Conditions of Participation.

## ARGUMENT

**I.      Defendants Do Not Raise a Sufficient Basis for Denial of the Motion**

Defendants oppose Plaintiffs' motion on the grounds that: (1) "there is no such thing" as a motion for order of jurisdiction; and (2) Plaintiffs have not identified the information that they seek to obtain in discovery. Defendants' arguments have no merit.

Defendants' contention that Plaintiffs' motion should be denied because "there is no such thing" as a motion for order of jurisdiction is not persuasive. Other courts have entertained motions for orders of jurisdiction. *See In re First Alliance Mortgage Co. v.*

*First Alliance Mortgage Co.*, 2001 U.S. Dist. LEXIS 18519 (D.Cal. 2001); *Cf. Novelty, Inc. v. Drug Enforcement Administration*, 2007 U.S. LEXIS App. 29441 (D.C. Cir., 2007) (motion for order of jurisdiction at the appellate level); *Brown v. Titsworth*, 1996 Tex. App. LEXIS 1619 (Tx. 1996) (dismissing an appeal of an order denying a motion to declare jurisdiction). Furthermore, the "title" or "caption" of the pleading does not control whether the court may entertain the motion or whether the motion is proper. It is well-established that, when construing a motion, its substance, rather than its form, is controlling. 56 Am.Jur. 2d Motions, Rules, and Orders § 6.

Plaintiffs' motion for order of jurisdiction complies with all of the requirements of the Federal Rules of Civil Procedure and this Court's local rules governing motions. The Motion for Order of Jurisdiction does not ask the court to take any action that it could not have taken *sua sponte*, i.e., issuing a ruling that it has jurisdiction over the case, and as noted above, was filed to clarify the context in which Plaintiffs' motion for jurisdictional discovery was made. Plaintiffs' motion seeks a ruling on jurisdiction on the basis that Plaintiffs have done enough on the face of their complaint and in their response to Defendants' motion to dismiss to establish jurisdiction and to permit the case to proceed on its merits.

Defendants' suggestion to the court that Plaintiffs and their counsel have violated LCvR 7(m) is false and misleading. During the week of December 10, 2007, in an effort to comply with LCvR 7(m), Plaintiffs' counsel had a telephone conference with Attorney Peter Robbins. Declaration of Attorney Maureen E. Cones (Cones Aff.), attached hereto as Exhibit A, at ¶ 3. The purposes of the teleconference were to: (1) inform Defendants'

counsel of Plaintiffs' intent to file the motion sub judice; and (2) determine if these issues could be resolved without the aid and intervention of this court. Cones Aff., ¶ 4, 5. Plaintiffs counsel understood from Defendants' position on jurisdiction in their Motion to Dismiss that Defendants did not consent to the Motion for Order of Jurisdiction., and may not have explicitly asked Attorney Robbins' position on the motion. Nonetheless, during that telephone conference, Attorney Robbins indicated his understanding of Plaintiffs' intent and requested an extension of time to file Defendants' reply in support of Defendants' Motion to Dismiss so that it could be filed together with a memorandum opposing the instant motion. Cones Aff., ¶ 6. Plaintiffs' counsel consented to the extension of time. As a result of that telephone conference, on January 11, 2008, the parties filed a Joint Motion for Enlargement of Time, which is part of the Court's record. Cones Aff., ¶ 7.

Defendants' arguments opposing an order of jurisdiction are without merit. Accordingly, the Court should issue an order declaring that it has jurisdiction to proceed on the merits of this case.

Plaintiffs also moved this court in the alternative for jurisdictional discovery. Defendants oppose jurisdictional discovery on the ground that the motion does not identify the discovery sought by Plaintiffs. Defendants' argument is not grounds for denying Plaintiffs' Motion for Jurisdictional Discovery. Defendants cite no authority for the proposition that Plaintiffs are required, in their motion, to itemize the issues upon which they seek discovery or the precise items that they seek to discover. If this court determines that jurisdictional discovery is appropriate under the circumstances of this

case, then Plaintiffs will, in accordance with the procedural rules and order of the court, determine the methods of discovery that they will employ, the issues pertaining to subject matter jurisdiction on which they seek to conduct discovery and the documents that they seek to obtain. However, Plaintiffs are unaware of any procedural rule that requires them to notify Defendants of these matters in advance.[2]

Moreover, in counsels' December 2007 telephone conference, Attorney Robbins offered to provide jurisdictional discovery if Defendants would identify those items which they seek to discover. Cones Aff., ¶ 8. Counsel for Defendants agreed to attempt to identify specific items and issues on which they wanted to obtain jurisdictional discovery and to confer with defense counsel at a later time. Cones Aff., ¶ 9. Accordingly, on January 23, 2008, Plaintiffs' counsel initiated a telephone conference with Attorney Robbins and requested certain discovery. Cones Aff., ¶ 10. In that telephone conference, Attorney Robbins disputed Defendants' entitlement to discover the requested items but offered to provide whatever documents his clients had which he did not find to be objectionable. Cones Aff., ¶ 11. To date, no documents have been provided. Cones Aff., ¶ 13. Under the circumstances, Defendants' argument that Plaintiffs' Motion for Jurisdictional Discovery should be denied because Plaintiffs have not identified the information that they seek to discover is spurious and should be disregarded. However, in the event that the court determines that is it necessary for Plaintiffs to identify the information that they seek to discover and the issues pertaining

---

[2] During their January 23, 2008 discussion, Plaintiffs counsel offered to provide Defendants counsel with draft discovery requests to facilitate review and discussion, but were informed by counsel that a discovery meeting would have to precede such an action. Cones Aff. ¶ 12. Accordingly, it appeared that Plaintiffs' offer was premature.

to subject matter jurisdiction to which those facts relate, that information is provided in Exhibit B hereto.

Accordingly, Plaintiffs' pray that this court issue an order permitting them to conduct jurisdictional discovery of facts relating to the legal issue of whether this court has subject matter jurisdiction over this case.

## CONCLUSION

For the reasons set forth herein, this court should issue an order declaring that it has subject matter jurisdiction over this case or, in the alternative, permitting Plaintiffs to conduct jurisdictional discovery.

> Respectfully submitted,
>
> /s/
>
> Alice L. Bodley  D.C. Bar #939009
> Jocelyn Winston, D.C. Bar #434639
> Attorneys for Plaintiffs
>
> American Nurses Association
> 8515 Georgia Avenue
> Suite 400
> Silver Spring, MD 20910

# CERTIFICATE OF SERVICE

I hereby certify that I caused copies of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Order of Jurisdiction or, in the Alternative, to Permit Jurisdictional Discovery, with Exhibits, to be filed electronically with the Clerk of the Court using the Electronic Case Filing system, which constitutes service on the following:

| | |
|---|---|
| DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| CAROL J. BENNETT<br>Associate General Counsel | JEFFREY A. TAYLOR<br>United States Attorney |
| MARK D. POLSTON<br>Deputy Associate General Counsel | SHEILA M. LEIBER<br>PETER ROBBINS<br>Department of Justice |
| LAWRENCE J. HARDER<br>Supervisory Trial Attorney<br>Department of Health and Human Services | 20 Massachusetts Avenue, NW<br>Room 7142<br>Washington, D.C. 20530 |

/s/
_____
Alice L. Bodley
General Counsel
D.C. Bar #939009

Jocelyn Winston
Senior Counsel
D.C. Bar #434639

American Nurses Association
8515 Georgia Avenue
Suite 400
Silver Spring, MD 20910
301-628-5127
Attorneys for Plaintiffs